UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH MONTESANO,

Plaintiff,

v.

SEDGWICK, INC.,

Defendant.

Case No. 24-cv-05099-WHO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 25

Plaintiff Kenneth Montesano ("Mr. Montesano") brings this lawsuit pro se against Sedgwick Claims Management Services, Inc. ("Sedgwick"), his former employer's third party administrator for workman's compensation claims. Sedgwick has moved to dismiss Mr. Montesano's First Amended Complaint ("FAC") on the grounds that his claims are barred by the California Workers Compensation Act. [Dkt. No. 14]. Because each of Mr. Montesano's claims is rooted in workman's compensation issues, California law requires that I agree with Sedgwick. The claims Mr. Montesano asserts are serious. But, he may not bring them in state or federal court—he must instead either return to the Workers Compensation Appeals Board or seek another avenue for relief. Sedgwick's motion is therefore GRANTED. Mr. Montesano's complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

The following facts, presumed true, are drawn from Mr. Montesano's FAC.

On December 22, 1989, Mr. Montesano suffered an injury while working numerous holiday shifts at Federal Express Corporation ("FedEx"). FAC ¶¶ 1, 7. After lifting what amounted to thousands of pounds of boxes over the course of several days, Mr. Montesano developed pain in his neck and shoulder and suffered numbness and weakness in his left hand. FAC ¶ 7. Mr. Montesano raised his injury before the California Workers' Compensation Appeals

Board ("the WCAB") which determined that the injury caused Mr. Montesano permanent disability benefit of 13% coverage. *Id.* Over the years, Mr. Montesano suffered additional back injuries while working for FedEx. FAC ¶ 9. In February of 1995, a workers compensation Judge awarded Mr. Montesano an increase in temporary and permanent disability benefits along with medical treatments and reimbursements. FAC ¶ 8–9; Notice of Removal [Dkt. No. 1-1] at 49. Mr. Montesano had spinal surgery in 2021, which caused him to become permanently disabled and required that he no longer work for FedEx. FAC ¶ 11.

Throughout Mr. Montesano's time at FedEx, Sedgwick acted as FedEx's "workman's comp insurance company." [1] FAC ¶ 1. Mr. Montesano alleges that at least one other company, Genex Services, LLC ("Genex"), was a third-party medical review company working with Sedgwick and therefore privy to and involved in Mr. Montesano's efforts to obtain workers compensation. *Id.*

Starting in 2019, Sedgwick started to make it more difficult for Mr. Montesano to receive payments for his acupuncture therapy and massage therapy treatments. FAC ¶ 12. And, starting in 2022, Mr. Montesano had to engage in the appeal process several times to receive access to those treatments. FAC ¶ 13. In September 2023, the Centers for Medicare and Medicaid Services determined that Mr. Montesano was entitled to $216,062 to cover his future medical services. FAC ¶ 14. Mr. Montesano alleges that Genex denied knowledge of this entitlement and rejected his request to provide payment. *Id.* Sedgwick has since refused to provide Mr. Montesano coverage for his treatments, although he continues to need acupuncture and massage therapy. FAC ¶ 15. Mr. Montesano contends that as a result of his inability to obtain these treatments, he has needlessly suffered additional pain, faced insomnia, and sustained losses in his mobility. FAC ¶ 16. Additionally, his family has been negatively impacted. *Id.* When Mr. Montesano spoke with a Genex representative in May of 2024, she told him that "it is cheaper for them to deny [him] [his] treatments and for [him] to sue them than to keep paying for [his] treatments." Dkt.

---

[1] In its Motion, Sedgwick clarifies that it is FedEx's third-party administrator for workers' compensation claims—not, as Mr. Montesano alleges—an insurance company. Dkt. No. 25 at 3, n.1. This is a distinction, Sedgwick admits, without a difference in this case. *Id.*

No. 28 at 6.

Mr. Montesano first filed a lawsuit against Genex in the Alameda County Superior Court on July 12, 2024, alleging six causes of action.  Notice of Removal [Dkt. No. 1-1] 9–21.  Genex removed the case to federal court on August 13, 2024.  On September 30, 2024, Mr. Montesano moved to amend his complaint, explaining that he wished to dismiss Genex from the complaint and instead name Sedgwick as the sole named defendant.  Dkt. No. 10.  I granted the motion and Mr. Montesano filed his First Amended Complaint on October 15, 2024.[2]  Dkt. Nos. 13, 14.  In his FAC, Mr. Montesano named only "Sedgwick, L.L.C." as a defendant[3].  Dkt. No. 14 at 1.  The FAC alleges six causes of action: (1) Fraud, FAC ¶¶ 17–22; (2) Disabled Elder Abuse, FAC ¶¶ 23–28; (3) Deception in the Presence of Evidence, FAC ¶¶ 29–34; (4) Deliberate Indifference, FAC ¶¶ 35–40; (5) Medical Insurance Malpractice, FAC ¶¶ 41–46; and (6) Intentional & Negligent Infliction of Emotional Distress, FAC ¶¶ 47–52.

On August 19, 2025, Sedgwick filed a Motion to Dismiss the FAC.  Motion to Dismiss ("MTD") [Dkt. No. 25].  Mr. Montesano failed to respond to the motion, and Sedgwick filed a Notice of Non-Opposition on September 9, 2025.  Dkt. No. 27.  On September 10, 2025, Mr. Montesano filed an Opposition to Sedgwick's motion, eight days late.  Opposition to the MTD ("Oppo.") [Dkt. No. 28].  Sedgwick filed an administrative motion to file a late Reply, which I granted.  Dkt. Nos. 30, 33.  On September 24, 2025, Sedgwick filed its Reply in support of its motion.  Reply ISO MTD ("Reply") [Dkt. No. 34].  I held a hearing on the motion on October 1, 2025.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

---

[2] Despite dropping Genex from the case, the FAC continues to refer to Genex as a "defendant" or refers to "defendants" in the plural.  I read these references to Genex's actions to broadly stand for allegations of Sedgewick's alleged acts as FedEx's principal third party administrator.

[3] Sedgwick notes in its opposition that the correct name of the company is "Sedgwick Claims Management Services, Inc."  Dkt. No. 25 at 1.

dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This standard is not akin to a probability requirement, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is

1    absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v.*

2    *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

3                                                    **DISCUSSION**

4           Sedgwick argues that each of Mr. Montesano's causes of action is barred by the exclusivity

5    provisions included in the California Workers Compensation Act (Cal. Labor Code § 3200 *et*

6    *seq.*).   The seminal case is *Marsh & McLennan, Inc. v. Superior Court*, where the California

7    Supreme Court held that the California worker's compensation "preempts a private cause of action

8    by an injured worker against the independent claims administrator of his self-insured employer for

9    the delay or refusal to pay compensation benefits."  49 Cal.3d 1, 4 (1989).  It further held that "the

10   WCAB is an employee's exclusive forum for relief when any entity unreasonably delays or

11   refuses to pay his compensation benefits."  *Id.* at 10.  "Only when the entity commits tortious acts

12   independent of its role as a provider of workers' compensation benefits may an employee maintain

13   a private cause of action . . . ."  *Id.*  Any such tortious act must be "so extreme and outrageous that

14   [a claims administrator] in effect stepped out of its role as a claims administrator . . . ."  *Id.* at 11.

15          Mr. Montesano has not pleaded any causes of action that allege Sedgwick "commit[ted]

16   [any] tortious acts independent of its role" as FedEx's independent claims administrator.  *Id.*

17   Similar to the claims at issue in *Marsh*, Mr. Montesano has alleged claims for fraud and emotional

18   distress.  FAC ¶¶ 17–22; 47–52.  The trial court in *Marsh* sustained the demurrer at issue for the

19   alleged violation of the insurance code.  *Marsh*, 49 Cal.3d at 5.  That directly maps onto Mr.

20   Montesano's fifth cause of action for "medical insurance malpractice."[4]  FAC ¶¶ 41–49.  In

21   addition, Mr. Montesano's second, third, and fourth claims for relief for "disabled elder abuse,"

22   "deception in the presence of evidence," and "deliberate indifference" each likewise "stem[] from

23   the discontinuance of payments to [Mr. Montesano] and is properly addressed by the WCAB."

24   FAC ¶¶ 23–40; *Marsh*, 49 Cal.3d at 11.

25          For example, Mr. Montesano's second cause of action for "disabled elder abuse" alleges

26

27   _____

28   [4] The FAC alleges the fifth cause of action for "medical insurance malpractice," but notes in the
     alternative that "at minimum," Sedgwick has committed "Worker's Compensation Malpractice."
     FAC ¶ 43.

that he suffered elder abuse by "being put through the *run-around* of paperwork of third party contractors who knew they were going to deny him treatment coverage." FAC ¶ 27 (emphasis in original). His third cause of action for "deception in the presence of evidence" is founded on Mr. Montesano's claim that Sedgwick "KNEW [he] had lifetime medical coverage for any treatment he needed," and so denying Mr. Montesano coverage amounted to a violation of California Civil Code Chapter 3. FAC ¶ 31. And, finally, Mr. Montesano's fourth cause of action for "deliberate indifference" rests on his assertion that Sedgewick acted with "conscious or reckless disregard of the consequences of [its] acts or omissions," and that it knew or should have known its "attempt[] to drop [Mr. Montesano] like a fly hoping he would go away and not fight for his, already known, lifetime medical coverage for treatments" "would cause [Mr. Montesano] serious injury to his persons, whether it was in private or in public." FAC ¶ 37. Each of these causes of actions alleges incredibly serious and consequential injury to Mr. Montesano. After decades of dedication to his work at FedEx, and several WCAB decisions providing for and increasing his access to disability benefits, it appears far from fair for Mr. Montesano to continue to endure the ongoing rigmarole that he alleges in his complaint. But each of the claims alleged in his complaint is ultimately rooted in Sedgewick's alleged denials of Mr. Montesano's benefits.

Mr. Montesano argues that his case is inappropriate for the WCAB because of the willfully negligent nature of Sedgwick's alleged actions. Oppo. 2. But I am not aware of any caselaw, and he has not presented any, to support his argument that because a third-party administrator acts *willfully*, that allows an individual to circumvent the requirement that "the WCAB has exclusive jurisdiction over disputes regarding an employee's right to compensation." *Marsh*, 49 Cal. 3d at 5. He contends that Sedgwick is not accredited and has more than 500 complaints lodged against it to support his claims of Sedgwick's willful and fraudulent acts. Oppo. 2–3. That may be, but that does not allow Mr. Montesano's claims to avoid review by the WCAB.

I am sympathetic to Mr. Montesano's situation and understand his arguments that his health and wellbeing were improving when he was receiving the now-denied services. But I am not in a position to grant relief. Each of his claims for relief is directly related to Sedgwick's denials for workers compensation benefits. Bound by the California Supreme Court's

United States District Court
Northern District of California

1   interpretation of California Workers Compensation Act, I conclude that each of the causes of

2   action in Mr. Montesano's first amended complaint is "properly addressed by the WCAB."

3   *Marsh*, 49 Cal. At 11.

4                                        **CONCLUSION**

5           For the reasons explained above, Sedgwick's Motion to Dismiss is GRANTED.  This does

6   not mean that Mr. Montesano is without a way to seek a remedy, only that he cannot do so in

7   Federal or State court.  At the hearing, he confirmed that he filed the complaint because of the

8   incidents that caused him to suffer workplace injury.  His pleading in this case can "not possibly

9   be cured by the allegation of other facts," because any additional facts would still be rooted in

10  workers compensation issues and would require WCAB review.  *Lopez*, 203 F.3d at 1127; *see also*

11  *Cato*, 70 F.3d at 1106 ("A pro se litigant must be given leave to amend [his] complaint, and some

12  notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could

13  not be cured by amendment.").  His complaint is DISMISSED WITH PREJUDICE.

14          **IT IS SO ORDERED.**

15          Dated: October 6, 2025

16

17

18                                                      William H. Orrick
                                                        United States District Judge
19

20

21

22

23

24

25

26

27

28